UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE L SMITH,
    Plaintiff,

vs.                                                Case No.:  3:22cv23858/MCR/ZCB

WARDEN LEAVINS, et al.,
    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections. He filed this *pro se* lawsuit and a motion to proceed *in forma pauperis* (IFP) on November 30, 2022. (Doc. 1). The Court has determined that Plaintiff is barred from proceeding IFP under the three strikes provision of 28 U.S.C. § 1915(g). The Court, therefore, will deny Plaintiff's IFP motion and recommend dismissal of Plaintiff's complaint without prejudice for failing to pay the full filing fee.

### I.    Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The

1

statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id*. According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Here, the Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database. PACER shows that Plaintiff (while a prisoner) has previously filed at least three actions or appeals in federal courts that were dismissed as malicious. More specifically:

2

- *Smith v. Berch*, No. 3:15cv00156-MCR-CJK (N.D. Fla. May 18, 2015) (Docs. 5, 6) (dismissed as malicious);

- *Smith v. Berch*, No. 3:15cv00097-LC-CJK (N.D. Fla. April 28, 2015) (Docs. 4, 5) (dismissed as malicious); and

- *Smith v. Berch*, No. 3:14cv00039-LC-CJK (N.D. Fla. Feb. 11, 2014) (Docs. 4, 7) (dismissed as malicious).[1]

In fact, this Court has previously held that Plaintiff is a three-striker who is barred from proceeding IFP:

- *Smith v. Berch*, No. 3:15cv00236-LC-CJK (N.D. Fla. July 7, 2015) (Docs. 4, 5)

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP. Thus, he should have paid the filing fee at the time of filing. He failed to do so.

As mentioned above, there is a narrow exception in 28 U.S.C. § 1915(g) for inmates who are experiencing "imminent danger of serious physical injury." The exception requires a showing of "specific, credible allegations of imminent-danger

---

[1] The plaintiff in the three previously filed cases is identified as Inmate #J00082. Plaintiff here identifies himself with that same inmate number. (Doc. 1 at 1).

3

of serious physical harm." *Chestnut v. Leavins*, No. 3:21cv827/lac/emt, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The Court has reviewed Plaintiff's complaint and IFP motion, and he has not credibly alleged an imminent danger of serious physical harm. Plaintiff claims that prison officials "took [his] lunch tray and beverage," "took [his] dessert off [his] food tray" and "threaten[ed] to kill/starve" him." (Doc. 2 at 1). He further claims that prison officials have a practice of "starving" mentally ill inmates. (*Id*). And Plaintiff claims that he "will 'slash' my wrist to put an end to them trying to harm me . . ." (*Id.*).

Being denied a meal or losing dessert does not constitute "imminent danger of serious physical harm." The incident involving the lunch tray and beverage allegedly occurred on October 20, 2022—over a month before Plaintiff filed his complaint in this case. And, he has not sufficiently established that there have been additional, recent, and ongoing incidents where he was denied food. Although he claims to have been denied a dessert recently, that does not come close to constituting imminent danger of serious physical harm. Plaintiff has made a conclusory allegations about being "starved" and "threatened," but—aside from his statement of having a lunch tray and dessert taken away—he has not provided any specific information in support of this allegation. *See generally Springs v. Gielow*,

4

No. 3:14cv105, 2014 U.S. Dist. LEXIS 183129, at *99-100 (N.D. Fla. July 28, 2014) (finding no imminent danger where prisoner claimed he was sporadically denied a meal); *see also Jemison v. White*, 2011 WL 4832598, at *2 (S.D. Ala. Sept. 1, 2011) (stating that the plaintiff failed to establish imminent danger of serious physical harm based on receipt of "inadequate food trays" on prior occasions). Conclusory and generalized allegations are insufficient to establish an imminent danger of serious physical harm. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (stating that "general assertions" were insufficient to show imminent physical danger). Rather, what is required are "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id*. Plaintiff has failed to come forward with such "specific fact allegations" of imminent future harm. *Sutton*, 334 F. App'x at 279. Additionally, Plaintiff's threats to harm himself do not constitute imminent danger of serious physical injury. *See Morril v. Holmes Cty. Jail*, No. 5:15cv324, 2018 WL 7082149, at *9 (N.D. Fla. Jan. 30, 2018) (holding that self-inflicted injuries do not qualify as a physical injury for purposes of establishing imminent danger); *see also Bea v. Watson*, 7:09-cv-00232, 2009 WL 1764834, at *2 (W.D. Va. June 22, 2009) (holding that "an inmate cannot create the imminent danger so as to escape the three strikes provision" because allowing "inmates to allege future infliction of self-harm

5

to bypass § 1915(g) would eviscerate Congress' intent to limit the frequency of inmates' frivolous suits"). Thus, Plaintiff has not established that the "imminent danger" exception to the three-strike rule applies here. Dismissal without prejudice is, therefore, appropriate.

## II. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

It is also respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g) because Plaintiff failed to pay the filing fee when he brought the case; and

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 2nd day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. See N.D. Fla. Loc. R. 72.2(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**